BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2720

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. GRENIER,<br><br>        Plaintiff,<br><br>    v.<br><br>WENDY SPENCER, Chief Executive Officer of the Corporation for National and Community Service,[1]<br><br>        Defendant. | Case No. 2:12-cv-00258 KJM GGH<br><br>***EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE TIME FOR DEFENDANT TO RESPOND TO AMENDED COMPLAINT; DECLARATION OF LYNN TRINKA ERNCE; ORDER** |

      Defendant Wendy Spencer respectfully requests that the Court enter an order granting her a 60-day extension of time to respond to plaintiff's complaint. In support of this *ex parte* application, defendant respectfully represents as follows:

      1.     On January 31, 2012, plaintiff filed his original complaint alleging eleven causes of action under Title VII. Docket 1.

      2.     On April 23, 2012, plaintiff filed an amended complaint alleging four causes of action under the Age Discrimination in Employment Act, Title VII, and the Rehabilitation Act. Docket 4. The amended complaint is lengthy – nearly 60 pages long – and includes 283 allegations. *Id.*

---

[1] Pursuant to the Notice of Substitution of Defendant filed herein, Wendy Spencer is the proper party defendant in this case, and she has been substituted in as defendant pursuant to Fed. R. Civ. P. 25(d).

Ex Parte Application For Extension Of Time To Respond     1
To Amended Complaint; Ernce Declaration; Order

3. Plaintiff served the amended complaint on the United States Attorney's Office on April 27, 2012. Docket 8. Defendant's response is due on June 15, 2012. Fed. R. Civ. P. 12(a)(2)

4. On May 16, 2012, the undersigned Assistant United States Attorney ("AUSA") responded to an email from plaintiff in which plaintiff asked the AUSA to acknowledge receipt of the proof of service that plaintiff filed as Docket 8. Declaration of Lynn Trinka Ernce ("Ernce Decl., ¶ 2).

5. In her email to plaintiff, the AUSA acknowledged receipt of the proof of service and also informed plaintiff that she would need additional time beyond June 15, 2012 to review, analyze, and respond to his lengthy amended complaint. *Id.*, ¶ 3. The AUSA asked plaintiff if he would be willing to stipulate to allow defendant additional time to respond to the amended complaint, as permitted by the Local Rules. *Id.* and Ex. A. Plaintiff responded that he believed defendant's response was due on May 25, 2012, and he stated that he would not agree to stipulate to the requested extension. *Id*.

6. On May 17, 2012, the AUSA sent plaintiff another email explaining why the response deadline is June 15, 2012, and that, contrary to plaintiff's statements in his May 16 email, there is no large team of attorneys at the agency defending this case. *Id.*, ¶ 6. The AUSA explained that she is the only attorney defending this action and that, in light of plaintiff's decision not to grant the courtesy of an extension, she may decide to seek an extension from the Court directly via ex parte application. *Id*.

7. That same day, plaintiff responded that he agreed that the response is due on June 15, 2012, and acknowledging that the AUSA may seek an extension from the Court. *Id.*, ¶ 6. and Ex. A.

8. The amended complaint is very lengthy, the allegations are disorganized and confusing, and plaintiff's actual claims being asserted in this action are difficult to discern. While the amended complaint purports to assert claims under ADEA, Title VII and the Rehabilitation Act, there are numerous allegations throughout the pleading which do not appear to relate to claims under any of those federal statutes. *Id.*, ¶ 7.

9. Additionally, some of the claims that plaintiff seems to be asserting in the amended complaint appear to relate to multiple administrative proceedings that occurred before the Equal Employment Opportunity Commission and/or the Merit Systems Protection Board. One of the threshold issues that the AUSA needs to analyze is whether plaintiff has exhausted his administrative remedies for all of his claims in the amended complaint such that the Court has subject matter jurisdiction over the

claims. However, as of the date of this application, the AUSA has not been able to complete her analysis because she has not yet received the administrative claim files from the agency. *Id.*, ¶ 8. The AUSA expects to receive the administrative claim files from the agency soon. *Id.* However, once she receives them, she will need some time to review and analyze them before she can prepare defendant's response.

10. In sum, the AUSA needs additional time to review and analyze the amended complaint and to formulate defendant's response, whether it be an answer to the amended complaint, or, more likely, a motion for more definite statement, and/or a motion to dismiss.

11. The AUSA defending this action carries a full case load and has multiple deadlines, hearings, conferences, and depositions scheduled in the next 30 days. *Id.*, ¶ 9. Additionally, the AUSA is scheduled to be on leave the last two weeks of July/first week of August. *Id.* Thus, defendant is requesting a 60-day extension of time for her response to the amended complaint, to August 17, 2012.

## ARGUMENT

### The Court Should Extend The Time For Defendants To Respond To The Complaint

Under Local Rule 144(c), the Court may, in its discretion, grant an *ex parte* request for extension of time to respond to a complaint "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained, and the reasons why an extension is necessary." The requirements for *ex parte* relief are met in this case.

For all of the reasons set forth above, defendant is not in a position to file her response to the complaint by the current June 15, 2012 deadline, and she respectfully requests a 60-day extension of time to respond. A stipulation extending time cannot be reasonably obtained because plaintiff has refused to agree to any extension of time for defendant to respond to the amended complaint.

## CONCLUSION

Defendant respectfully requests that the Court extend the time for her to respond to plaintiff's amended complaint to August 17, 2012.

DATED: June 7, 2012                                    BENJAMIN B. WAGNER
                                                       United States Attorney
                                                 By:   /s/ Lynn Trinka Ernce
                                                       LYNN TRINKA ERNCE
                                                       Assistant United States Attorney

**DECLARATION OF LYNN TRINKA ERNCE**

I, Lynn Trinka Ernce, declare as follows:

1. I am an Assistant United States Attorney and have been assigned to handle the defense of this litigation. I make this declaration in support of the *ex parte* application for an order extending the time for defendant to respond to plaintiff's complaint. Except for matters stated on information and belief, I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to these facts.

2. On May 16, 2012, I responded to an email from plaintiff in which he asked me to acknowledge receipt of the proof of service he had filed as Docket 8.

3. In my email to plaintiff, I acknowledged receipt of the proof of service and also informed him that I would need additional time beyond June 15, 2012 to review, analyze, and respond to his lengthy amended complaint. I asked plaintiff if he would be willing to stipulate to allow defendant additional time to respond to the amended complaint, as permitted by the Local Rules. A true and correct copy of my email to plaintiff (and the entire email exchange with plaintiff described in this declaration) is attached hereto as Exhibit A.

4. In another May 16, 2012 email, plaintiff stated that he believed defendant's response was due on May 25, 2012, and that he would not agree to stipulate to the requested extension.

5. On May 17, 2012, I sent plaintiff another email explaining why the response deadline is June 15, 2012, and that, contrary to plaintiff's statements in his May 16 email, there is no large team of attorneys at the agency defending this case. I explained that I am the only attorney defending this action and that, in light of plaintiff's decision not to grant the courtesy of an extension, I may decide to seek an extension from the Court directly via *ex parte* application.

6. That same day, plaintiff responded that he agreed that the response is due on June 15, 2012, and he acknowledged that I may seek an extension from the Court.

7. The amended complaint is very lengthy, the allegations are disorganized and confusing, and plaintiff's actual claims being asserted in this action are difficult to discern. While the amended complaint purports to assert claims under ADEA, Title VII and the Rehabilitation Act, there are numerous allegations which do not appear to relate to claims under any of those federal statutes.

Ex Parte Application For Extension Of Time To Respond    4
To Amended Complaint; Ernce Declaration; Order

8. Additionally, some of the claims that plaintiff seems to be asserting in the amended complaint appear to relate to multiple administrative proceedings that occurred before the Equal Employment Opportunity Commission and/or the Merit Systems Protection Board. One of the threshold issues that I must analyze is whether plaintiff has exhausted his administrative remedies for all of his claims in the amended complaint such that the Court has subject matter jurisdiction over the claims. However, as of the date of this application, I have not been able to complete my analysis because I have not yet received the administrative claim files from the agency. I expect to receive them soon. But once I receive them, I will need time to review and analyze them before I can prepare defendant's response, whether it be an answer to the amended complaint, or, more likely, a motion for more definite statement, and/or a motion to dismiss.

9. I carry a full case load and have multiple deadlines, hearings, conferences, and depositions scheduled in the next 30 days. Additionally, I am scheduled to be on leave the last two weeks of July/first week of August. Thus, defendant is requesting a 60-day extension of time for her response to the amended complaint, to August 17, 2012.

10. A stipulation extending time cannot be reasonably obtained because plaintiff has refused to agree to any extension of time to respond to the complaint. *See* Ex. A.

Executed this 7th day of June, 2012, in Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct.

          */s/ Lynn Trinka Ernce*
          LYNN TRINKA ERNCE

## **ORDER**

Based on the *ex parte* application and declaration, and good cause appearing therefore,

IT IS HEREBY ORDERED that the application is granted;

IT IS HEREBY FURTHER ORDERED that defendant shall have until August 17, 2012 to respond to the amended complaint. <u>No further extensions</u>.

DATED: June 11, 2012         /s/ Gregory G. Hollows
                                      United States Magistrate Judge